**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

**CASE NO:**

SEDAT CETINDAG

     Plaintiff,

v.

THOMAS P. MURPHY, JR.; ENGIN
YESIL; RENCO WORLD CORPORATION;
RENCO USA, INC. and COASTAL
CONSTRUCTION GROUP OF SOUTH
FLORIDA, INC.,

     Defendants.

**DEFENDANT RENCO USA, INC.'S, NOTICE OF REMOVAL**

Defendants, Thomas P. Murphy, Jr., Renco USA, Inc., and Coastal Construction Group of South Florida, Inc. (collectively, the "Removing Defendants"), through counsel and pursuant to 28 U.S.C. §§ 1331, 1338(a), 1441, and 1446, hereby removes the above-captioned civil action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.  Removal is proper pursuant to 28 U.S.C. § 1441(a) because this is a civil action over which this Court has both original and exclusive jurisdiction, pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents), respectively.  Moreover, removal to this Court is proper under 28 U.S.C. § 1441(a) as the action originated in Miami-Dade County, Florida, and as such this district and division encompasses the place where the action is pending. In support of removal, the Removing Defendants state:

**Background and Timeliness**

The Removing Defendants are removing this civil action on the grounds of federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and exclusive federal jurisdiction over patent cases, pursuant to 28 U.S.C. § 1338(a).  The Removing Defendants are named defendants in a civil action filed on February 10, 2026, captioned *Sedat Cetindag v. Thomas P. Murphy, Jr. et al.,* Case Number 2026-002826-CA-01 (the "Lawsuit").  A copy of all state court pleadings filed in the Lawsuit are annexed hereto as Composite Exhibit A.

Plaintiff served defendant Renco USA, Inc.  with a copy of the complaint from the Lawsuit (the "Complaint") on February 24, 2026.  Therefore, removal is timely as it is hereby filed within 30 days of service of the complaint and summons on Renco USA, Inc.

Concurrently with the filing of this Notice of Removal, the Removing Defendants is providing written notice of removal to Plaintiff by serving Plaintiff with a copy of this Notice, together with all exhibits, and filing a copy of this Notice with the Clerk of the Case pursuant to 28 U.S.C. § 1446(d).

**Grounds for Removal**

While the Complaint alleges causes of action for fraudulent concealment, conspiracy, and breach of fiduciary duty, all of these allegations arise from various patent-related issues and will necessarily require this Court to adjudicate matters of federal patent law in order to resolve the causes of action set forth in the Complaint.

Starting at paragraph 29 of the Complaint, the Plaintiff recites a series of allegations regarding the issuance and utilization of patents issued by the United States Patent and Trademark Office (the "USPTO").  One set of allegations surround inventorship of two United States patents (collectively, the "Inventorship Allegations"):

2

- "[Plaintiff] additionally did research and found that RENCO WORLD had obtained two patents for the Plaintiff's invention in the United States. (See attached.)  Complaint at ¶ 29.;

- "This patent additionally shows that the 'inventor' of this material was the Plaintiff…" *Id*. at ¶ 30;

- "The Plaintiff then discovered in 2025 that RENCO WORLD obtained a second patent on April 21, 2015…[a]ccording to this patent, the Plaintiff's invention was described…According to the abstract in the patent, the Plaintiff's invention was described…" *Id*. at ¶ 31;

- "As with the first patent, RENCO WORLD listed the Plaintiff…as the 'inventor.'" *Id*. at ¶ 32;

- "In addition, in 2025, the Plaintiff further discovered that RENCO USA…was claiming that it was the creator and inventor of the composite building material and system, all of which was actually created by the Plaintiff." *Id*. at ¶ 33.

- "Thus, RENCO WORLD AND[sic] RENCO USA are both claiming to be the inventors of the Plaintiff's invention." *Id*. at ¶ 40.

The Complaint also alleges that the Defendants are practicing various patented inventions, "[t]hey additionally fraudulently concealed from the Plaintiff *through the use of the patents* that ultimately in 2019 they obtained approval for RENCO WORLD to utilize the *Plaintiff's invention*…" *Id*. at ¶ 36 (emphasis supplied)(the "Practicing Allegation").

Thus, to adjudicate the dispute set forth in the Complaint, the Court will need to address questions of inventorship (the Inventorship Allegations) and practicing of a patented invention (the Practicing Allegation).  Indeed, the Complaint even attaches the two patents-at-issue as exhibits,

3

further indicating that Plaintiff is seeking a determination of at least inventorship and whether the Defendants are practicing the two patents.

Inventorship is a fundamental question of patent law and must be declared as part of a patent application.  37 C.F.R. § 1.41.  The Manual of Patent Examining Procedure, Section 2109, sets forth a summary of the federal law (statutory, caselaw, and administrative) governing inventorship.  "The threshold question in determining inventorship is who conceived the invention. Unless a person contributes to the conception of the invention, he is not an inventor…One must contribute to the conception to be an inventor." *In re Hardee*, 223 USPQ 1122, 1123 (Comm'r Pat. 1984). A person who shares in the conception of a claimed invention is a joint inventor of that invention. *In re VerHoef*, 888 F.3d 1362, 1366-67, 126 F.2d 1561, 1564-65 (Fed. Cir. 2018).  The Inventorship Allegations allege that two United States patents have improperly named inventors and will therefore require the Court to consider whether inventorship is proper or not, a core patent law question.  Moreover, this question is central to Plaintiff's causes of action as he is alleging that inventorship is improper as a fundamental step in a scheme to defraud Plaintiff.

The Complaint also alleges that Defendants practiced the patented inventions to obtain approval as a building standard in the State of Florida and used to net millions in profits that Plaintiff seeks to obtain for himself.  Complaint at ¶¶ 36, 37.  Thus, to determine whether Defendants netted "millions in profits" and set a Florida construction standard, a determination of whether the patents-in-suit were practiced is necessary, again implicating federal law interpreting 35 U.S.C. § 271.  This is because Plaintiff's allegations, as pled, are entirely contingent upon whether Defendants practiced Plaintiff's alleged inventions or not; if Defendants did not practice the patents-in-suit then Plaintiff's allegations must fail.  However, making this determination will

4

require a determination of the scope of the patents-in-suit as well as a determination of whether Defendants actually practiced the claims of patents-in-suit.

Jurisdiction under 28 U.S.C. § 1338 extends where "…the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law, in that patent law is a necessary element of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).  Here, the Complaint, as pled, requires the determination of whether the inventorship of two United States patents is correct (the Inventorship Allegations) and whether Defendants practiced those two patents to generate revenues (the Practicing Allegation).  Resolution of both questions will require application of federal patent law.  Therefore federal patent law is a necessary element of the allegations of the Complaint and the federal courts therefore have exclusive jurisdiction under 28 U.S.C. § 1338.

For the reasons set forth above the requirements for federal question and patent jurisdiction are satisfied and this case is properly removed.

Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Because the Lawsuit is pending in Miami-Dade County, Florida, venue, for purposes of removal, is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a).  The Removing Defendants, therefore, remove this civil action to the United States District Court for the Southern District of Florida, Miami Division.

Promptly, upon the filing of this Notice of Removal, the Removing Defendants shall file a Notice of Filing Notice of Removal to Federal Court, together with a copy of this Notice of Removal, with the Eleventh Judicial Circuit in and for Miami-Dade County, Florida in compliance with 28 U.S.C. § 1446(d).

#535560474_v1

The Removing Defendants have not attempted to remove this exact case previously.  The Removing Defendants hereby reserve any and all rights to assert any and all defenses to the Complaint, including, but not limited to, insufficiency of process, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

### Conclusion

WHEREFORE,  Defendants, Thomas P. Murphy, Jr., Renco USA, Inc., and Coastal Construction Group of South Florida, Inc., respectfully remove Plaintiff's Lawsuit from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court, pursuant to 28 U.S.C. §§ 1331, 1338(a), 1441, and 1446 and requests that all further proceedings be conducted in this Court as provided by law.

Dated: March 24, 2026

HOLLAND & KNIGHT LLP

By:  /s/ Alex M. Gonzalez
Alex M. Gonzalez
Florida Bar No. 991200
Alex.Gonzalez@hklaw.com
Brian A. Briz
Florida Bar No. 657557
Brian.Briz@hklaw.com
Daniel J. Barsky
Florida Bar No. 0025713
Daniel.Barsky@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida   33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

*Counsel for Thomas P. Murphy, Jr., Renco USA, Inc. and Coastal Construction Group of South Florida, Inc.*

6

#535560474_v1